United States District Court
Southern District of Texas

**ENTERED**

July 17, 2023

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| CARLA DEWALT, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:23-CV-0778 |
| | § | |
| TEXAS DEPT. FAMILY PROTECTIVE | § | |
| SERVS., | § | |
| *Defendant*. | § | |

### MEMORANDUM AND RECOMMENDATION

Plaintiff, who is prosecuting this case pro se and in forma pauperis, filed a Complaint for Employment Discrimination on February 27, 2023.[1]  ECF 1.  The docket reflects that mail sent to the address of record for Plaintiff has been returned as undeliverable.  ECF 8.  Plaintiff did not appear at a duly noticed initial conference on July 10, 2023.  ECF 9.  It is Plaintiff's responsibility to provide current contact information to the Court and to monitor the docket in her case for all settings and deadlines.

Further, there is a return of service on file but Defendant has not appeared in this action.  ECF 7.  Under 28 U.S.C. § 1915, a plaintiff proceeding in forma pauperis in entitled to service by the U.S. Marshal, but it remains the burden of the plaintiff to take steps to make sure service is completed properly.  *See Dupre v. Touro*

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 3.

*Infirmary*, 235 F.3d 1340 (5th Cir. 2000) (district court did not abuse its discretion in dismissing complaint where pro se, in forma pauperis plaintiff did not attempt to remedy defects in service or explain her failure to effect service).  Plaintiff has taken no action to confirm that service has been completed or to request any relief from the Court.  The Court therefore RECOMMENDS that this case be DISMISSED WITHOUT PREJUDICE for lack of prosecution.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c).  Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on July 17, 2023, at Houston, Texas.

_____
Christina A. Bryan
United States Magistrate Judge

2